USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/22/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
WILLIAM CLANTON,

                    Petitioner,

    - against -                    06 Civ. 4756 (DAB)
                                      ADOPTION OF REPORT
                                      AND RECOMMENDATION

ISRAEL RIVERA,

                    Respondent.
------------------------------------X
DEBORAH A. BATTS, United States District Judge.

    Petitioner William Clanton ("Clanton" or "Petitioner") petitions this Court *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Clanton was convicted on August 6, 2003 of first degree robbery after a jury trial in New York State Supreme Court, New York County, and sentenced as a second felony offender under N.Y. Penal Law § 70.06 to fifteen years imprisonment. He is currently incarcerated at the Coxsackie Correctional Facility pursuant to that conviction and sentence. Petitioner makes three arguments in support of his Petition: (1) that the trial court improperly shifted the burden of proof to the defense and deprived Petitioner of a fair trial when it instructed defense counsel to confine her opening statement to matters she was "going to prove" (Petitioner's Memorandum of Law for a Writ of Habeas Corpus ("Pet's Mem.") at 10-12); (2) that the trial court "violated the rule against admission of evidence of uncharged

crimes" when it permitted testimony about Petitioner's criminal history and the introduction of evidence pertaining to an unrelated incident involving Petitioner (id. at 16); and (3) that Petitioner received ineffective assistance of counsel. (Id. at 24.)

On July 22, 2008, United States Magistrate Judge Andrew J. Peck issued a Report and Recommendation to this Court ("Report") recommending that Clanton's habeas petition be DENIED. For the reasons set forth below, the Court adopts Judge Peck's Report and Recommendation and DENIES Clanton's Petition in its entirety.[1]

---

[1] The Second Circuit's recent decision in Besser v. Walsh, --- F.3d ----, 2010 WL 1223194 (2d Cir. Mar. 31, 2010), holding New York's persistent felony offender statute, N.Y. Penal Law § 70.10, unconstitutional, does not provide Clanton with a new ground for habeas relief. In Besser, the Circuit held that the Sixth Amendment right to a jury trial, applicable to the states as incorporated by the Fourteenth Amendment, prohibits the type of judicial fact-finding under N.Y. Penal Law § 70.10 that results in enhanced sentences, and that New York state court decisions affirming sentences enhanced under that statute after the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), unreasonably applied clearly established federal law, warranting habeas relief under 28 U.S.C. § 2254. Besser, 2010 WL 1223194 at *1. The Court's holding in Besser does not apply to sentences, like Clanton's, enhanced under N.Y. Penal Law § 70.06, because under that provision, the existence or non-existence of a prior felony alone determines the applicable sentencing range, and no impermissible "judicial fact-finding" is required. See id. at *2-4. Further, because Clanton's conviction was finalized in 2003, well before the Supreme Court's decision in Blakely, Besser would not provide Clanton with a ground for habeas relief regardless. Id. at **13-14.

I.     OBJECTIONS TO THE REPORT AND RECOMMENDATION

"Within fourteen days after being served with a copy [of a Magistrate Judge's Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C). The court may adopt those portions of the report to which no timely objection has been made, as long as there is no clear error on the face of the record. Wilds v. United Parcel Serv., Inc., 262 F.Supp.2d 163, 169 (S.D.N.Y. 2003). A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); see also Ortiz v. Barkley, 558 F.Supp.2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (citation and internal quotation marks omitted). After conducting the appropriate

3

levels of review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate.  28 U.S.C. § 636(b)(1)(C).

The objections of pro se parties are "generally accorded leniency and should be construed to raise the strongest arguments that they suggest."  Howell v. Port Chester Police Station, No. 09-CV-1651, 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010) (citation omitted).  "Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."  Id. (quoting Pinkney v. Progressive Home Health Servs., No. 06-CV-5023, 2008 U.S. Dist. LEXIS 55034, at *2-3 (S.D.N.Y. July 21, 2008) (internal quotations marks omitted)).

After receiving an extension of time within which to file his objections, Petitioner filed timely objections to Magistrate Judge Peck's Report on October 12, 2008.  ("Pet.'s Objs.")  In addition to reiterating many of the arguments made in his Petition, which were considered and rejected by Judge Peck, Petitioner makes a number of specific objections to the Report.

Regarding the Magistrate's rejection of his first claim – that the trial judge shifted the burden of proof when it

4

admonished Petitioner's attorney to limit her opening statement to facts the defense would "prove" - Petitioner objects to the Magistrate's finding that although Justice Goodman's "choice of words could have been better, his instructions to the jury cured any possible misunderstanding about the prosecution's burden of proof." (Report at 30; Pet.'s Objs. at 5.)

In his final instructions to the jury, Justice Goodman stated:

> "Under our law, every defendant is presumed to be innocent. And this presumption remains with him throughout the entire trial. . . .
>
> This clearly places the burden of proof upon the People; in other words, Mr. Clanton is entitled to rest upon his presumption of innocence in his favor until it is so far outweighed by the evidence offered against him that you, as jurors, are convinced of his guilt beyond a reasonable doubt.
>
> Please remember that the People's burden of proof never shifts to the defendant even though the defendant has called a witness to testify in his own behalf. Defendant never has to prove anything. The People have to prove, if they can, that he's guilty of the crime beyond a reasonable doubt.

(Tr. 766-67.) As Judge Peck correctly explained, the jury is presumed to have followed its instructions, (Report at 31, n.21, citing Zafiro v. United States, 506 U.S. 534, 540-41 (1993) (additional citations omitted)), and Justice Goodman's instructions made clear the government's burden of proof and the defendant's presumption of innocence, eliminating any possibility

5

of jury confusion. (Report at 32, citing Jones v. Albaugh, No. 00-CV-8932, 2004 U.S. Dist. LEXIS 4529 at *28 (S.D.N.Y. Mar. 17, 2004) (additional citations omitted).) After a de novo review, the Court finds Petitioner's first objection to be without merit.

Petitioner's second claim for relief is that the trial judge "violated the rule against admission of evidence of uncharged crimes" when it admitted into evidence testimony referring to the "crime incident report" of an unrelated incident involving Petitioner, two photographs of Petitioner taken during that incident, testimony referring to the incident, and additional testimony referencing Petitioner's criminal history. In his Report, Judge Peck recommends the rejection of this claim, finding that the testimony and evidence regarding the unrelated incident were admissible at trial for the purpose of establishing the robber's identity, and that the testimony referencing Clanton's criminal history was not unduly prejudicial because a government witness had already testified - without objection - that Clanton told him during the robbery that he had previously spent seven years in prison. (Report at 48-49.)

In his objections to the Report, Petitioner acknowledges that "evidence of other crimes [that] is relevant to an issue other than the defendant's criminal tendency . . . may be admitted on the basis of an exception to the general rule . . ."

6

(Pet.'s Objs. at 8, quoting People v. Beam, 57 N.Y. 2d 241, 250, 455 NYS 2d 575, 579-80 (1982)), but argues that the photographs and crime incident report were not necessary to establish the robber's identity in light of the other evidence in the government's case. Specifically, Petitioner asserts, other evidence included the testimony of two eyewitnesses who claimed to have had a clear, long look at the robber and his face, and a video tape that was admitted into evidence allegedly depicting the robbery and the robber. (Pet.'s Objs. at 9.) Petitioner further argues that the evidence was unnecessary because his "appearance hadn't changed". (Id. at 8.)

As the First Department explained in affirming Clanton's conviction, and as Judge Peck details in his Report, the evidence properly was admitted for the purpose of explaining the events leading to Petitioner's identification and arrest after the robbery, (Report at 17, 48) an identification purpose that could not have been served by the evidence Petitioner cites. Further, this evidence demonstrated the eyewitnesses' identification of Petitioner in close temporal proximity to the incident, a purpose that could not have been served by their identification of Petitioner, months later, in court. "Under both the New York and federal rules of evidence, testimony regarding prior crimes is admissible when it goes to the issue of identity. The judge must

7

merely weigh the probative value of testimony regarding uncharged crimes against any undue prejudice it may engender. A judge has broad discretion in making this determination, and will not be reversed on appeal for his decision absent an 'abuse of discretion.'" Aziz v. Warden of Clinton Correctional Facility, No. 92-CV-0104, 1992 WL 249888, at *7 (S.D.N.Y. Sept. 23, 1992), aff'd 993 F.2d 1533 (2d Cir.), cert. denied, 510 U.S. 888, 114 S. Ct. 241 (1993) (citations omitted). The Court finds no error in the trial court's admission of the evidence in question, and finds that Petitioner's objection is without merit.

Petitioner argues further that, contrary to the Magistrate's finding, the prejudice caused by Detective Carmichael's references to Petitioner's criminal history was not eliminated by the government witness's testimony that Petitioner told him he had been in prison for seven years. (Pet.'s Objs. at 1.) The Court disagrees with Petitioner. The general rule in New York against the admission of past crimes evidence exists to protect a defendant's presumption of innocence, and to prevent conviction based on perceived predisposition towards criminal conduct. E.g., People v. Molineux, 168 N.Y. 264, 292-93, 61 N.E. 286 (1901). Any suggestion of Petitioner's propensity for criminal conduct that might have been created by Detective Carmichael's limited references to the "crime incident report" and

8

Petitioner's criminal history would have been far outweighed by evidence of Petitioner's own admission that he had been in prison for seven years, a period that suggests serious criminal conduct. Further, as Judge Peck explains, even if permitting any of the past crimes or uncharged crimes evidence was erroneous as a matter of state law, it certainly did not deprive Petitioner of a fundamentally fair trial, given the government's strong case against him, including the testimony of two eyewitnesses who spent approximately 20-30 minutes with the robber during the robbery, and identified Petitioner as the perpetrator soon thereafter. See Dunnigan v. Keane, 137 F.3d 117, 125 (2d Cir. 1998) (quoting Johnson v. Ross, 955 F.2d 178, 181 (2d Cir. 1992)) ("For the erroneous admission of . . . unfairly prejudicial evidence to amount to a denial of due process, the item must have been 'sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it.'").

In his objections to the Report's findings as to his ineffective assistance of counsel claim, Petitioner has simply revived the argument made in his Petition: that is, that defense counsel's failure to object to and make record of Detective Carmichael's references to petitioner's criminal history and the eyewitnesses' testimony that they had identified Petitioner in

photographs before identifying him in the lineup "was not based upon a reasonable trial strategy." (Pet.'s Objs. at 11.) The Court agrees with Judge Peck that this argument has no merit, as defense counsel may well reasonably have chosen not to object to Detective Carmichael's limited reference to Clanton's criminal history to avoid drawing further attention to that reference, and specifically chose not to object to the eyewitnesses' testimony about the photographs because it was central to their defense theory of mistaken identification. (See Report at 57, 60.) "[T]he decision whether to pursue a particular defense is a tactical choice which does not rise to [the] level of a constitutional violation" and "the habeas court 'will not second-guess trial strategy simply because the chosen strategy has failed. . . .'" Jones v. Hollins, 884 F. Supp. 758, 765-66 (W.D.N.Y. 1995) (citations omitted), aff'd 89 F.3d 826 (2d Cir. 1995)).

II. CONCLUSION

The Court has reviewed the Report and Recommendation of Magistrate Judge Andrew J. Peck dated July 22, 2008, and finds no clear error within the portions of the Report to which Petitioner has raised no objection. See 28 U.S.C. § 636(b)(1)(B). Further, having reviewed de novo the objected-to sections of the Report,

the Court agrees with the Magistrate's findings, and his recommendation that Clanton's Petition be DENIED in its entirety.

Accordingly, it is ORDERED AND ADJUDGED as follows:

1. The Report and Recommendation of United States Magistrate Judge Andrew J. Peck dated July 22, 2008 is approved, adopted, and ratified by the Court;

2. The Petition for a writ of habeas corpus is hereby DENIED; and

3. The Clerk of the Court is directed to dismiss the Petition and close the docket in this case.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253. See United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962).

SO ORDERED

DATED:   New York, New York
         April 22, 2010

*Deborah A. Batts*
DEBORAH A. BATTS
United States District Judge

11